NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

CIVIL ACTION NO. 05-CV-151-HRW

TERRANCE HOBSON                                                                                        PLAINTIFF

VS:                            **MEMORANDUM OPINION AND ORDER**

ASHLAND POLICE OFFICERS                                                                      DEFENDANTS

\*\* \*\*     \*\* \*\*     \*\* \*\*     \*\* \*\*     \*\* \*\*

Terrance Hobson, an individual confined at the Boyd County Detention Center in Catlettsburg, Kentucky, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. §1983 [Record No. 1]. The defendants have filed a motion to dismiss his complaint pursuant to Federal Rule of Civil Procedure 37(b)(2)(c) for his failure or refusal to cooperate with discovery [Record No. 30].

## BACKGROUND

In his complaint, Hobson alleges that the defendants, two police officers for the city of Ashland, Kentucky, attempted to extort sexual favors from his wife in exchange for getting felony charges pending against him in Ohio dismissed. Hobson further alleges that he confronted these officers and a fight ensued, during which he was severely beaten and taken into custody. Finally, Hobson alleges that while he was in jail, the defendants had telephone conversations with his wife confirming the facts stated above. Hobson alleged that he has tape recordings of these conversations [Record No. 1].

After the defendants filed their answer, on March 7, 2006, they propounded requests for production of documents and things, which included a request for Hobson to produce copies of the tape recordings referred to in the complaint [Record No. 30]. On April 25, 2006, they moved pursuant to Federal Rule of Civil Procedure 30(a)(2) for permission to take his deposition at his place of incarceration at the Kentucky State Reformatory [Record No. 24], a request this Court granted [Record No. 25]. Before the deposition occurred, however, on May 3, 2006, the defendants filed a motion to compel Hobson to respond to their requests for production of documents [Record No. 26]. In his response, Hobson did not object to any of the document requests, nor attempt to explain why his responses had not been given, but instead disparaged the defendants and stated only that he would "see you in Court." [Record No. 27] Because Hobson's letter utterly failed to establish any legally-justifiable excuse for his failure to respond to the defendants' discovery requests, the Court granted the motion to compel by Memorandum Opinion and Order dated May 22, 2006. The Court also stated, "Plaintiff is hereby cautioned that any continued failure on his part to cooperate with reasonable requests for discovery by the defendants is grounds for such sanctions as are appropriate." [Record No. 29]

The defendants took Hobson's deposition on May 23, 2006 [Record No. 28]. The Court had granted the defendants' motion to compel only one day before the deposition and, understandably, Hobson was unable to produce copies of the tapes at the deposition in prison. In their motion, the defendants represent that during his deposition Hobson stated that his wife was in possession of the tapes and would provide them with copies within three days, but that as of the June 5, 2006 filing date of their motion to compel, Hobson had still failed to provide them [Record No. 30]. Hobson filed his response to the defendants' motion to compel on June

2

12, 2006, in which he professed his innocence of the crimes of which he had been convicted, and further disparaged the defendants, but again failed to discuss the outstanding discovery requests [Record No. 32]. The Court then entered an order on June 13, 2006, directing Hobson to file a substantive response to the defendants' motion within twenty days, and admonished him that "Plaintiff is hereby cautioned that his failure to file a response constitutes grounds for granting the motion. L.R. 7.1(c)(1)." [Record No. 31] Hobson has not filed any further response, notwithstanding the Court's order directing him to do so.

## DISCUSSION

As indicated in its June 13, 2006 Order, Hobson's failure to file a response to the defendants' motion is itself sufficient grounds to grant their request for dismissal of his complaint. This would be true under L.R. 7.1(c)(1) even had the Court not expressly reminded him of his obligation, but is certainly so where the Court has advised this *pro se* plaintiff of the perils of remaining silent in the face of an opposing party's request for relief. While Hobson had, unbeknownst to the Court, filed a response the day before, it offered no substantive response whatsoever to the factual allegations made by the defendants in their motion, nor did it request a more moderate sanction for his persistent noncompliance. L.R. 7.1(c)(1) alone provides ample justification for dismissal of Hobson's complaint under these circumstances.

Hobson's persistent refusal to cooperate with discovery also presents one of the rare circumstances where dismissal of the complaint is an appropriate sanction under Rule 37(b)(2)(c). The Sixth Circuit has indicated that a court considering imposing this sanction should consider four factors:

1. whether the non-moving party's failure to cooperate is due to willfulness, bad faith, or fault;

3

    2.   whether the moving party was prejudiced by the failure to cooperate;

    3.   whether the non-moving party was warned that failure to cooperate could lead to dismissal; and

    4.   whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (applying same factors to dismissals under Fed.R.Civ.P. 41(b)).

The Court concludes that consideration of these factors supports dismissal with prejudice of the present case. Repeated demand has been made upon Hobson for responses to Defendants' discovery requests, and each of Hobson's responses indicates a willful refusal to provide the documents and things requested. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368-69 (6th Cir. 1997) (dismissal of plaintiff's complaint appropriate where plaintiff failed to respond to amicable requests of defendant's counsel, defendant's motion to compel or its motion to dismiss; plaintiff's counsel was stubbornly disobedient and willfully contemptuous). The defendants are certainly prejudiced in their ability to prepare a defense to Hobson's claims because he has refused to provide them with the very evidence upon which he intends to prove those claims at trial. Hobson has been twice warned by the Court that his continued refusal to abide by the Federal Rules of Civil Procedure constitutes adequate grounds for sanctions, including granting the defendants' motion for dismissal of his complaint. *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2nd Cir. 1994) (dismissal of *pro se* complaint warranted where plaintiff was warned that dismissal was possible sanction). Finally, the Court has already entered an Order compelling Hobson to provide the very information and things which he now continues to withhold. *Vlasek v. Nemitz*, 70 Fed.Appx. 363, 367 (7th Cir. 2003) (dismissal appropriate where

*pro se* plaintiff completely ignored court's direction to respond to defendant's discovery requests). The less drastic sanction of an order to compel has already been entered, and there is no reason to believe that entering another order commanding compliance with the discovery rules is any more likely to compel Hobson to act appropriately. All four of the *Jostens* factors therefore support the dismissal of Hobson's complaint with prejudice.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Plaintiff Hobson's complaint is **DISMISSED WITH PREJUDICE.**

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This August 1, 2006.



Signed By:
Henry R Wilhoit Jr.
United States District Judge

5